1829.

Haggerty
v.
Duane.

[*321]

---

## HAGGERTY AND OTHERS v. DUANE AND FURNISS.

Where the subject of litigation was a fund in the hands of an insolvent assignee, who was a defendant in the cause and had no personal interest therein, but claimed the fund for the benefit of others, the money was ordered to be brought into court, and invested, to abide the further order of the court.

THE defendant Furniss purchased a quantity of goods January 20th.

at auction of the complainants on the 5th of September, 1828, to be paid for in indorsed notes. The goods were sent home according to the custom on such sales at New York. A few days after the sale, one of the complainants called for the notes, but they were not ready. On Saturday, the 20th of September, he again called and demanded that either the notes should be given or the goods returned, and intimated that if one. or the other was not done, he should file a bill in this court to compel it. Furniss did not comply with *this request, and a bill was immediately filed and an injunction issued. In the mean time, and before the subpœna and injunction could be served, Furniss assigned the goods to the defendant Duane, in trust to pay certain alleged confidential creditors; and on Sunday night the goods were removed to Philadelphia and sold, and Duane received the proceeds, which are still in his hands. On the 26th of September, the complainants filed a supplemental bill setting out these facts, and making Duane a party to the suit; and an injunction was granted, restraining him from parting with the proceeds. The answer of Duane admitted the assignment, and that he had no interest therein, except as trustee; that he had sold the goods, and now had in his hands, as the nett amount of the proceeds of such sale, $596 27; which he held for the sole use of the creditors named in the assignment.

The complainants presented a petition, setting forth the proceedings in the cause, and that on a hearing they would be able to substantiate their rights as set forth in their bill, but that the defendant Furniss was insolvent, and that Duane, since the putting in of his answer, had stopped payment, and was also insolvent; and that they apprehended and believed that before this cause could be brought to a hearing, the funds in his hands would be lost. And they prayed that the fund might be brought into court and invested, to abide the final decision of the cause.

*H. Bleecker,* for the complainants.

*A. Van Vechten*, for defendants.

THE CHANCELLOR:—It is not necessary to go into the merits of the case on this application. The principal on which the complainants claim an equitable lien on the property sold has been frequently recognized by this court, and was recently asserted in the case of *Keeler & Freeman* v. *Field & others*, (*ante*, 312.) It was also recognized and applied by the Supreme Court of Massachusetts in *Whitwell* v. *Vincent*, 4 Pickering's Rep. 449.) For the purpose of this motion it is sufficient that the bill and answer show a case on the part of the defendants which is at least liable to strong *suspicion. The money is now lying unproductive in the hands of Duane; it is, therefore, for the interest of whoever may be entitled to this fund, that it should be placed out of danger. If it shall hereafter appear that it belongs to the creditors named in the schedule, they will receive it, together with the interest which may accrue thereon in the meantime. No injury can arise to any person by ordering the money to be paid into court. It clearly ought not to remain under the control of an insolvent assignee. I shall, therefore, direct an order to be entered, requiring the defendant Duane to pay the money to the assistant register within ten days after service of a copy of the order; and that the assistant register put it out at interest on bond and mortgage, or invest it in public stock, to abide the further order of the court.